**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

LAUREL HILL MANAGEMENT SERVICES, INC.; MINIMALLY INVASIVE SURGICAL ASSOCIATES; and ADVANCED WEIGHT LOSS SURGICAL ASSOCIATES,

Plaintiffs,

v.

LA-Z-BOY INCORPORATED; BLUE CROSS BLUE SHIELD OF MICHIGAN; and DOES 1-10,

Defendants.

Case No. 2:24-cv-13230-DML-KGA
Hon. David M. Lawson
Magistrate Judge Kimberly G. Altman

---

THE LAW OFFICES OF JONATHAN A. STIEGLITZ
Jonathan A. Stieglitz
11845 W. Olympic Blvd., Ste 800
Los Angeles, California 90064
(323) 979-2063
*Attorney for Plaintiffs*

HONIGMAN LLP
Matthew G. Mrkonic (P79406)
660 Woodward Avenue
2290 First National Building
Detroit, MI 48226
(313) 465-7614
mmrkonic@honigman.com
*Attorney for Defendant La-Z-Boy*

Rudolph Makupson (P73646)
Office of General Counsel, BCBS
600 E. Lafayette
Detroit, MI 48226
(313) 225-9393
rmakupson@bcbsm.com
*Attorney for Defendant BCBS*

---

**DEFENDANT LA-Z-BOY INCORPORATED'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)**

NOW COMES Defendant La-Z-Boy Incorporated ("La-Z-Boy"), by and through his attorneys, Honigman LLP, and hereby moves this Court to dismiss Plaintiffs Laurel Hill Management Services, Inc., Minimally Invasive Surgical Associates, and Advanced Weight Loss Surgical Associates' First Amended Complaint (ECF No. 11) for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The grounds supporting this Motion are set forth in the accompanying Brief.

In accordance with E. D. Mich. L.R. 7.1(a), on March 5, 2025, there was a telephonic conference between counsel for La-Z-Boy and counsel for Plaintiffs on the Motion in which counsel for La-Z-Boy explained in detail the nature of the Motion and its legal basis and requested but did not obtain concurrence in the relief sought in this Motion.

WHEREFORE, Defendant La-Z-Boy requests that the Court dismiss Plaintiffs' First Amended Complaint with prejudice under Federal Rule of Civil Procedure 12(b)(6) and award La-Z-Boy its costs, attorney fees, and all other relief the Court determines to be appropriate.

Dated: March 6, 2025

Respectfully submitted,

HONIGMAN LLP

*<u>/s/ Matthew G. Mrkonic</u>*
Matthew G. Mrkonic (P79406)
660 Woodward Avenue
2290 First National Building
Detroit, MI 48226

(313) 465-7614
mmrkonic@honigman.com
*Attorney for Defendant La-Z-Boy*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

LAUREL HILL MANAGEMENT SERVICES, INC.; MINIMALLY INVASIVE SURGICAL ASSOCIATES; and ADVANCED WEIGHT LOSS SURGICAL ASSOCIATES,

Plaintiffs,

v.

LA-Z-BOY INCORPORATED; BLUE CROSS BLUE SHIELD OF MICHIGAN; and DOES 1-10,

Defendants.

Case No. 2:24-cv-13230-DML-KGA
Hon. David M. Lawson
Magistrate Judge Kimberly G. Altman

---

THE LAW OFFICES OF JONATHAN A. STIEGLITZ
Jonathan A. Stieglitz
11845 W. Olympic Blvd., Ste 800
Los Angeles, California 90064
(323) 979-2063
*Attorney for Plaintiffs*

HONIGMAN LLP
Matthew G. Mrkonic (P79406)
660 Woodward Avenue
2290 First National Building
Detroit, MI 48226
(313) 465-7614
mmrkonic@honigman.com
*Attorney for Defendant La-Z-Boy*

Rudolph Makupson (P73646)
Office of General Counsel, BCBS
600 E. Lafayette
Detroit, MI 48226
(313) 225-9393
rmakupson@bcbsm.com
*Attorney for Defendant BCBS*

---

**DEFENDANT LA-Z-BOY INCORPORATED'S BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)**

# TABLE OF CONTENTS


TABLE OF CONTENTS ........ i

TABLE OF AUTHORITIES ........ ii

STATEMENT OF ISSUES PRESENTED ........ iv

CONTROLLING OR MOST APPROPRIATE AUTHORITIES ........ v

I. INTRODUCTION ........ 1

II. STATEMENT OF ALLEGED FACTS ........ 2

III. STANDARD OF REVIEW ........ 6

IV. PLAINTIFFS' CLAIMS ARE PREEMPTED BY ERISA ........ 7

A. ERISA Preempts State Law Claims Based on An Employer-Sponsored Health Plan. ........ 7

B. La-Z-Boy's Health Plan Is An Employer-Sponsored Health Benefits Plan Governed by ERISA. ........ 9

C. Plaintiffs' State Law Claims All Relate to the Plan and Therefore Are Preempted by ERISA. ........ 10

V. CONCLUSION ........ 12

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Aetna Health Inc. v. Davila*,
542 U.S. 200 (2004)....................v, 8

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)....................6

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)....................6

*Bristol SL Holdings, Inc. v. Cigna Health & Life Ins. Co.*,
103 F.4th 597 (9th Cir. 2024)....................12

*Cromwell v. Equicor-Equitable HCA Corp.*,
944 F.2d 1272 (6th Cir. 1991)....................v, 8, 9, 12

*Fast Access Specialty Therapeutics, LLC v. UnitedHealth Group, Inc.*,
532 F. Supp. 3d 956 (S.D. Cal. 2021)....................13

*Pac. Recovery Sols. v. United Behav. Health*,
481 F. Supp. 3d 1011 (N.D. Cal. 2020)....................13

*Park Ave. Podiatric Care v. Cigna Health & Life Ins. Co.*,
No. 23-1134, 2024 WL 2813721 (2d Cir. 2024) (unpub.)....................10, 13

*Peach v. Ultramar Diamond Shamrock*,
229 F. Supp. 2d 759 (E.D. Mich 2022) (Lawson, J.), *aff'd*, 109 F. App'x 711 (6th Cir. 2004)....................8, 9

*Reilly v. Vadlamudi*,
680 F.3d 617 (6th Cir. 2012)....................6, 7

**STATUTES**

29 U.S.C. § 1003(a)....................10

29 U.S.C. § 1132(a)(1)(B)....................8

29 U.S.C. § 1144(a)....................v, 7, 8

ERISA Section 514(a) ........................................................................................ 7

**RULES**

Federal Rule of Civil Procedure 12(b)(2) ................................................................. 5

Rule 12(b)(6) ........................................................................................ 6, 10, 13, 14

## STATEMENT OF ISSUES PRESENTED

1. Plaintiff medical service providers assert state law claims for negligent misrepresentation and promissory estoppel against Defendant La-Z-Boy based on representations that the administrator of La-Z-Boy's employee health plan allegedly made about payment rates for certain medical services under La-Z-Boy's employee health plan. Are Plaintiffs' claims "related to" an ERISA plan and thus preempted by ERISA and subject to dismissal under Federal Rule of Civil Procedure 12(b)(6)?

La-Z-Boy's Answer: Yes

Plaintiffs' Answer: No

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES

29 U.S.C. § 1144(a)

*Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272 (6th Cir. 1991)

*Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004)

## I. INTRODUCTION

Plaintiff medical providers bring this lawsuit to avoid the terms of Defendant La-Z-Boy's employee health plan (the "La-Z-Boy Plan")—and the rules Congress established when it federalized regulation of employer-sponsored plans under the Employee Retirement Income Security Act of 1974 ("ERISA")—by attempting to recast rights that only belong to an insured under ERISA as state law claims asserted by medical providers for promissory estoppel and negligent misrepresentation.

Plaintiffs' attempted end-run around ERISA preemption fails as a matter of law. Under controlling authority, claims that are "related to" an ERISA plan—like Plaintiffs' claims here—are preempted by ERISA and must be dismissed. Indeed, Plaintiffs' claims both seek payment from Defendant La-Z-Boy (the sponsor of the La-Z-Boy Plan) and co-Defendant Blue Cross (the administrator of that plan) for medical procedures. Plaintiffs' First Amended Complaint relies, as it must, on the La-Z-Boy Plan. It alleges that: "Patient AA" was covered by the La-Z-Boy Plan; Blue Cross was the administrator of the La-Z-Boy Plan; La-Z-Boy represented to Plaintiffs that they would receive certain payments for certain services under the La-Z-Boy Plan; and Blue Cross's processing of Plaintiffs' out-of-network services under the La-Z-Boy Plan resulted in a payment amount that was lower than the coverage amount had been represented to Plaintiffs.

Because Plaintiffs' claims rely solely on the existence of (and related coverage under) an ERISA plan—and seek payments related to that ERISA plan—their claims are preempted under ERISA and fail as a matter of law. This Court should therefore grant La-Z-Boy's Motion in its entirety and dismiss Plaintiffs' claims with prejudice.

## II. STATEMENT OF ALLEGED FACTS

***The Parties.*** Plaintiffs Minimally Invasive Surgical Associates ("MISA") and Advanced Weight Loss Surgical Associates ("Advanced") are California companies and medical providers. (ECF No. 11, PageID.30, ¶¶ 2-3.) Plaintiff Laurel Hill Management Services, Inc.[1] ("Laurel") is a California corporation and alleged assignee of claims of medical providers Bay City Surgery ("BSC") and Town Center Surgery ("TSC") related to "Patient AA." (ECF No. 11, PageID.30, ¶ 1.)

La-Z-Boy is a Michigan corporation based in Monroe, Michigan that sponsors the La-Z-Boy Plan, which is an employee health plan. (ECF No. 11, PageID.30-31, ¶¶ 6-7.) Plaintiffs allege that "Patient AA" is a participant in the La-Z-Boy Plan. (ECF No. 11, PageID.30-31, ¶ 7.)

Plaintiffs allege that Defendant Blue Cross Blue Shield of Michigan ("Blue Cross") is and was the third-party administrator of the La-Z-Boy Plan and La-Z-

[1] Laurel Hill is named in the case caption as "Laurel Hill Management Services, Inc." but referred to by a different name in the body of the First Amended Complaint (*i.e.*, "Laurel Management Services, Inc."). (*Compare* ECF No. 11, PageID.29, *with* ECF No. 11, PageID.30, ¶ 1.)

Boy's representative "in connection with stating the manner of payment for medical services and providing other administrative services relating to [Patient AA's] and [La-Z-Boy's] health plan." (ECF No. 11, PageID.30-31, ¶¶ 7, 9.)

***La-Z-Boy's Health Plan & Medical Providers' Out-of-Network Status*.** Plaintiffs allege that the La-Z-Boy Plan was an employee health plan that Blue Cross administered. (ECF No. 11, PageID.30-31, ¶ 7.) Here, Medical Providers "did not have a written contract or preferred provider agreement" with the La-Z-Boy Plan. (ECF No. 11, PageID.32, ¶ 13.) As a result, Medical Providers are "non-contract[] or out of network providers" under the La-Z-Boy Plan. (ECF No. 11, PageID.32, ¶ 15.)

***Patient AA's Procedure*.** On February 21, 2022, and March 26, 2022, Patient AA allegedly "received medical services from Medical Providers." (ECF No. 11, PageID.34, ¶ 24.)

***The Medical Providers' Conversations with Blue Cross.*** The Medical Providers allege that before they provided those medical services to Patient AA, the Medical Providers' representatives contacted Blue Cross to determine "what is the Patient's responsibility versus [La-Z-Boy's] responsibility for paying for medical services" under the La-Z-Boy Plan. (ECF No. 11, PageID.34, ¶¶ 25-26.)

Specifically, Blue Cross allegedly provided information about Patient AA's "deductible" and "Max Out Of Pocket" amounts under the La-Z-Boy Plan. (ECF

No. 11, PageID.34, ¶ 27.) Plaintiffs allege that the Medical Providers' representatives asked Blue Cross whether, under the La-Z-Boy Plan, La-Z-Boy "pay[s] based on UCR [*i.e.*, Usual, Customary, and Reasonable] for procedure codes 43775, 43239, 43281, and 43774, and other similar codes within the same family" and whether La-Z-Boy uses a "Medicare Fee Schedule" for certain procedure codes. (ECF No. 11, PageID.34-35, ¶¶ 28, 30.) Plaintiffs allege that Blue Cross represented to Medical Providers' representatives that La-Z-Boy pays the UCR rate, and does not use the Medicare Fee Schedule, for services in connection with the relevant procedure codes. (ECF No. 11, PageID.35, ¶¶ 29, 31.) Plaintiffs' First Amended Complaint includes a definition of the UCR rate, which defines it as "[a] limit on the amount your health plan will pay." (ECF No. 11, PageID.33, ¶ 20 n.3.)

Plaintiffs allege that Blue Cross did not "advise[] that Patient's policy or certificate of insurance was subject to certain exclusions, limitations, or qualifications that might result in denial of coverage, limitation of payment or any other method of payment unrelated to the UCR rate." (ECF No. 11, PageID.35, ¶ 33.) Plaintiffs also allege that Blue Cross "on behalf of [La-Z-Boy] did not make reference to any other portion of Patient's plan that would put [Medical Providers] on notice of any reduction in the originally stated percentage." (ECF No. 11, PageID.35, ¶ 34.)

***<u>Medical Providers Submit A Claim to BCBS Under the Plan</u>.*** Plaintiffs allege that after the Medical Providers performed the medical procedure on Patient AA, Medical Providers "submitted their claims to [La-Z-Boy] through [Blue Cross]." (ECF No. 11, PageID.36, ¶ 40.) Plaintiffs allege that their bills of $342,296.00 were processed and Medical Providers only received a payment of $1,598.40. (ECF No. 11, PageID.36, ¶ 41.)

***<u>Plaintiffs File the California Lawsuit</u>.*** On March 19, 2024, Plaintiffs filed a lawsuit in California state court against La-Z-Boy. (ECF No. 1, PageID.9-11.) La-Z-Boy removed the lawsuit to the United States District Court for the Central District of California and filed a motion to dismiss the lawsuit for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). (ECF No. 1, PageID.1-8.) La-Z-Boy and Plaintiffs then stipulated to transfer the lawsuit to this Court and withdraw La-Z-Boy's motion to dismiss for lack of personal jurisdiction. (ECF No. 3, PageID.45-52.)

***<u>Plaintiffs Assert Claims in this Lawsuit</u>.*** On January 24, 2025, Plaintiffs filed their First Amended Complaint in this Court. (*See* ECF No. 11, PageID.29-39.) The First Amended Complaint also asserted claims against Blue Cross in addition to claims against La-Z-Boy. (*See id*.) The First Amended Complaint asserts two claims against La-Z-Boy for promissory estoppel and fraudulent misrepresentation. (ECF No. 11, PageID.36-38 ¶¶ 43-61.)

***<u>Plaintiffs Purport To Assert Rights Independent of Patient AA</u>.*** Plaintiffs expressly allege that their "promissory estoppel and negligent misrepresentation claims . . . are asserted solely based upon the individual and proper rights of [Medical Providers] in their individual capacity and are not derivative of the contractual or other rights of the Meical Providers' Patient." (ECF No. 11, PageID.31, ¶ 10.) Plaintiffs further make clear that "Medical Providers do not in any way seek to enforce the contractual rights of" Patient AA. (ECF No. 11, PageID.31, ¶ 10.)

## III. STANDARD OF REVIEW

A Motion to Dismiss under Rule 12(b)(6) is analyzed under the standard set forth in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *See Reilly v. Vadlamudi*, 680 F.3d 617, 622–23 (6th Cir. 2012). Specifically, the Court must "accept all well-pleaded factual allegations of the complaint as true and construe the complaint in the light most favorable to the plaintiff." *Reilly*, 680 F.3d at 622 (quoting *Dubay v. Wells*, 506 F.3d 422, 426 (6th Cir. 2007)). Plaintiff's complaint must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* (quoting *Twombly*, 550 U.S. at 555). It must have "facial plausibility"—*i.e.*, "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 623 (quoting *Iqbal*, 556 U.S. at 663).

## IV. PLAINTIFFS' CLAIMS ARE PREEMPTED BY ERISA

Both of Plaintiffs' claims—for promissory estoppel and fraudulent misrepresentation—seek payment for medical procedures under a Blue Cross-administered employer-sponsored group health plan that is regulated by ERISA. No matter how these claims are styled, such claims are preempted under ERISA and must be dismissed. Indeed, as discussed below: (A) ERISA preempts all state law claims "related to" an ERISA plan; (B) the La-Z-Boy Plan is an employer-sponsored group health plan governed by ERISA; and (C) Plaintiffs' claims all "relate to" the La-Z-Boy Plan. Thus, Plaintiffs' claims are preempted under ERISA and fail as a matter of law.

### A. ERISA Preempts State Law Claims Based on An Employer-Sponsored Health Plan.

Plaintiffs' claims are preempted by ERISA because their claims "relate to" an employer-sponsored health plan regulated by ERISA.

ERISA Section 514(a) provides that ERISA supersedes or preempts all state laws insofar as they "relate to any employee benefit plan." 29 U.S.C. § 1144(a). The Sixth Circuit and United States Supreme Court have thus both repeatedly held that "ERISA preempts state law and state law claims that 'relate to' any employee benefit plan as that term is defined therein. 29 U.S.C. § 1144(a)." *Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272, 1275 (6th Cir. 1991) (citing *Pilot Life Insurance Co. v. Dedeaux*, 481 U.S. 41 (1987)).

"The phrase 'relate to' is given broad meaning such that a state law cause of action is preempted if 'it has connection with or reference to that plan.'" *Cromwell*, 944 F.2d at 1275-76 (citing *Metropolitan Life Ins. Co. v. Mass.*, 471 U.S. 724, 730, 732–33 (1985)). Indeed, "Congress' intent in enacting ERISA was to completely preempt the area of employee benefit plans and to make regulation of benefit plans solely a federal concern." *Cromwell*, 944 F.2d at 1276. As such, the United States Supreme Court "consistently emphasizes the broad scope of preemption under ERISA," and the Sixth Circuit "has repeatedly recognized that virtually all state law claims relating to an employee benefit plan are preempted by ERISA." *Id*.

As this Court has made clear, "[c]laims for benefits may not be disguised as claims under the federal common law or other provisions of ERISA. If the plaintiff seeks a payment of benefits, then his sole remedy is under 29 U.S.C. § 1132(a)(1)(B)." *Peach v. Ultramar Diamond Shamrock*, 229 F. Supp. 2d 759, 771 (E.D. Mich 2022) (Lawson, J.), *aff'd*, 109 F. App'x 711 (6th Cir. 2004). To hold otherwise, and "distinguish[] between pre-empted and non-pre-empted claims based on the particular label affixed to them would elevate form over substance and allow parties to evade the pre-emptive scope of ERISA . . . ." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 214 (2004). For that reason, federal courts in Michigan and around the country have continuously rejected attempts to circumvent ERISA by recasting claims that "relate to" an ERISA plan under various state law theories. *See, e.g.*,

*Cromwell*, 944 F.2d at 1276 (affirming the dismissal of promissory estoppel and negligent misrepresentation claims as preempted by ERISA); *Peach*, 229 F. Supp. 2d at 771 (dismissing unjust enrichment and quantum meruit claims as preempted by ERISA because they seek to recover plan benefits).

**B. La-Z-Boy's Health Plan Is An Employer-Sponsored Health Benefits Plan Governed by ERISA.**

Plaintiffs' own allegations establish that the La-Z-Boy Plan is an employer-sponsored benefits plan that is governed by ERISA. Plaintiffs allege that La-Z-Boy is the sponsor of an employee health plan that provides medical benefits to its employees, including "Patient AA." (ECF No. 11, PageID.30-31, ¶ 7 (alleging that Patient AA is a part of La-Z-Boy's plan and that the plan is administered by Blue Cross).) Plaintiffs also allege that Blue Cross is the plan administrator and that the La-Z-Boy Plan is self-funded (*i.e.*, claims are paid by La-Z-Boy rather than an insurance policy issued by Blue Cross.) (ECF No. 11, PageID.34-35, ¶¶ 25-31 (alleging that La-Z-Boy pays claims under the plan and that Blue Cross made certain representations about what payments La-Z-Boy would be responsible for under the La-Z-Boy Plan versus what payments Patient AA would be responsible for).)

Accordingly, Plaintiffs' own allegations confirm that the Plan is an employee-sponsored health benefits plan governed by ERISA. *See* 29 U.S.C. § 1003(a).

### C. <u>Plaintiffs' State Law Claims All Relate to the Plan and Therefore Are Preempted by ERISA</u>.

Plaintiffs' promissory estoppel and negligent misrepresentation claims both unequivocally "relate to" the La-Z-Boy Plan and therefore are preempted under ERISA. Plaintiffs' theory of recovery under both claims is as follows: that Blue Cross is La-Z-Boy's agent and representative as the administrator of the La-Z-Boy Plan; that the Medical Providers allegedly contacted Blue Cross to ask questions about the rates that La-Z-Boy would pay for certain medical services that are out-of-network under the La-Z-Boy Plan; that Blue Cross made representations to Medical Providers about the "deductible" and "Max Out Of Pocket" amounts under the La-Z-Boy Plan and that La-Z-Boy would pay "UCR rates" for certain services under the La-Z-Boy Plan; that the Medical Providers submitted documentation to Blue Cross for payment under the La-Z-Boy Plan; and that the payment the Medical Providers received from the La-Z-Boy Plan was less than they believe they are entitled to. (ECF No. 11, PageID.33-36, ¶¶ 20 n.3, 24-35, 41.)

These allegations "relate to" the La-Z-Boy Plan in numerous ways. Thus, Plaintiffs' claims are preempted by ERISA and must be dismissed. The Sixth Circuit's opinion in *Cromwell* is controlling. In *Cromwell*, as here, plaintiff medical service providers contacted the administrator of the employee's health plan to verify coverage under the plan before providing services. 944 F. 2d at 1275. As here, the administrator allegedly made certain representations about the nature of the coverage

for the services at issue under the plan. *Id*. When the administrator stopped paying claims under the plan, the medical service providers sued under various state law theories, including promissory estoppel and negligent misrepresentation—the same claims Plaintiffs assert here. *Id*. The district court found that the claims, although cast as state law causes of action, were related to the plan and therefore were preempted by ERISA and were dismissed. *Id*.

The Sixth Circuit affirmed the district court ruling, holding that Plaintiffs' claims, despite being recast under state law, sought "the recovery of benefits from the [employee] plan for health care services" and therefore "are at the very heart of issues within the scope of ERISA's exclusive regulation." *Id*. at 1276. The claims asserted in *Cromwell*—like the claims at issue here—would "affect the relationship between plan principals by extending coverage beyond the terms of the plan" and therefore are necessarily preempted by ERISA. *Id*.

This Court should reach the same conclusion here, as other Courts have consistently found under similar factual circumstances. *See, e.g.*, *Bristol SL Holdings, Inc. v. Cigna Health & Life Ins. Co.*, 103 F.4th 597, 602 (9th Cir. 2024) (finding that ERISA preempts "state law contract claims based on an out-of-network provider's calls to a plan administrator seeking to verify plan coverage"); *Park Ave. Podiatric Care*, 2024 WL 2813721, at *1-*3 (affirming district court's decision to dismiss claims under Federal Rule 12(b)(6) where plaintiff service providers sued to

enforce alleged representations made by plan administrator about what percentage of the "customary rate" would be paid for certain services).

Moreover, numerous courts have found state law claims preempted by ERISA where, as here, medical providers claim they are entitled to "UCR" based on a verification of benefits call. *See, e.g.*, *Fast Access Specialty Therapeutics, LLC v. UnitedHealth Group, Inc.*, 532 F. Supp. 3d 956, 967 (S.D. Cal. 2021) (promissory estoppel and other claims were preempted because they were "premised not only on the existence of Patient A's plan, but on the specific terms in Patient A's plan, or lack thereof"); *Pac. Recovery Sols. v. United Behav. Health*, 481 F. Supp. 3d 1011, 1029 (N.D. Cal. 2020) (finding state law claims preempted where "the parties' understanding as to what United meant when it represented that it would pay a percentage of UCR . . . has a connection to the terms of benefit plans"). That only makes sense, as Plaintiffs' own allegations about the meaning of UCR rates are that they are "[a] limit on the amount ***your health plan*** will pay." (ECF No. 11, PageID.33, ⁋ 20. n.3.)

## V. CONCLUSION

For the foregoing reasons, this Court should grant La-Z-Boy's Motion in its entirety and dismiss Plaintiffs' Amended Complaint with prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

Dated: March 6, 2025

Respectfully submitted,

HONIGMAN LLP

*/s/ Matthew G. Mrkonic*
Matthew G. Mrkonic (P79406)
660 Woodward Avenue
2290 First National Building
Detroit, MI 48226
(313) 465-7614
mmrkonic@honigman.com

*Attorney for Defendant La-Z-Boy*

## CERTIFICATE OF SERVICE

This is to certify that on March 6, 2025, a copy of the foregoing was electronically filed with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record.

Dated: March 6, 2025

Respectfully submitted,

HONIGMAN LLP

*/s/ Matthew G. Mrkonic*
Matthew G. Mrkonic (P79406)
660 Woodward Avenue
2290 First National Building
Detroit, MI 48226
(313) 465-7614
mmrkonic@honigman.com

*Attorney for Defendant La-Z-Boy*