**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

LAUREL HILL MANAGEMENT SERVICES, INC.; MINIMALLY INVASIVE SURGICAL ASSOCIATES; and ADVANCED WEIGHT LOSS SURGICAL ASSOCIATES,

Plaintiffs,

v.

LA-Z-BOY INCORPORATED; BLUE CROSS BLUE SHIELD OF MICHIGAN; and DOES 1-10,

Defendants.

Case No. 2:24-cv-13230-DML-KGA
Hon. David M. Lawson
Magistrate Judge Kimberly G. Altman

---

THE LAW OFFICES OF JONATHAN A. STIEGLITZ
Jonathan A. Stieglitz
11845 W. Olympic Blvd., Ste 800
Los Angeles, California 90064
(323) 979-2063
*Attorney for Plaintiffs*

HONIGMAN LLP
Matthew G. Mrkonic (P79406)
660 Woodward Avenue
2290 First National Building
Detroit, MI 48226
(313) 465-7614
mmrkonic@honigman.com
*Attorney for Defendant La-Z-Boy*

Rudolph Makupson (P73646)
Office of General Counsel, BCBS
600 E. Lafayette
Detroit, MI 48226
(313) 225-9393
rmakupson@bcbsm.com
*Attorney for Defendant BCBS*

---

**DEFENDANT LA-Z-BOY'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiffs' state law negligent misrepresentation and unjust enrichment claims—which seek to recover benefits that were denied under La-Z-Boy's health plan—are preempted by ERISA because those claims "relate to" an ERISA plan. Indeed, under controlling Sixth Circuit authority, Section 514 of ERISA preempts Plaintiffs' claims because they clearly "relate to" an ERISA plan.

Plaintiffs attempt to avoid that result through misdirection—by misrepresenting their own factual allegations, misstating the holding of controlling Sixth Circuit precedent, and by relying on irrelevant out-of-circuit authority.

That attempt fails. Try as they might, Plaintiffs cannot escape the allegations in their own complaint or the Sixth Circuit's controlling precedent. Because Plaintiffs' claims "relate to" an ERISA plan, Plaintiffs' claims are preempted under Section 514 of ERISA, and Plaintiffs' claims must be dismissed with prejudice.

## I. PLAINTIFFS' CLAIMS ARE PREEMPTED BY ERISA

### A. Plaintiffs Cannot Escape Preemption by Misrepresenting the Facts

Plaintiffs first attempt to escape ERISA preemption by misrepresenting their own allegations. Plaintiffs assert that "there is not one mention to a health plan anywhere in the FAC." (ECF No. 21, PageID.101; *see also id.* at PageID.113.) That is demonstrably false. Plaintiffs' Amended Complaint contains numerous explicit references to La-Z-Boy's health plan. For example, Plaintiffs allege:

- that "Blue Cross . . . is and was Defendant's agent and representative in connection with stating the manner of payment for medical services and providing other administrative services ***relating to the Patient's and [La-Z-Boy's] health plan***." (ECF No. 11, PageID.30-31, ⁋ 8);[1]
- that where "a medical provider, such as Medical Provider, does not have a written contract or preferred provider agreement ***with a health plan***," it has no obligation to reduce its charges. (ECF No. 11, PageID.32, ⁋⁋ 13-14);
- that "UCR" is a term that means "[a] limit on the amount ***your health plan will pay***." (ECF No. 11, PageID.33, ⁋⁋ 19-20 & n.3);
- that Blue Cross made representations about the Patient's deductible and "Max Out of Pocket" under La-Z-Boy's plan (ECF No. 11, PageID.34, ⁋ 27);
- that Blue Cross represented that La-Z-Boy pays based on "UCR" for certain procedure codes under the plan (ECF No. 11, PageID.34-35, ⁋⁋ 28-31);
- that Blue Cross did not advise it of exclusions or terms in "***Patient's plan***" that would affect reimbursement. (ECF No. 11, PageID.35, ⁋⁋ 33-34); and
- that Medical Providers "submitted their claims to [La-Z-Boy] through BCBS," and La-Z-Boy processed those claims under the plan and made a payment below the "UCR" rate. (ECF No. 11, PageID.36, ⁋⁋ 40-41.)

---

[1] Emphasis added throughout unless otherwise noted.

Plaintiffs' claims thus do not merely "relate to" an ERISA plan, which is all that is required for preemption under Section 514 of ERISA; rather, Plaintiffs' claims ***depend entirely*** on the existence of La-Z-Boy's plan. Plaintiffs only allege that La-Z-Boy is responsible for Blue Cross's representations because Blue Cross, as the administrator of La-Z-Boy's plan, is La-Z-Boy's agent. Moreover, all of the alleged representations relate to, and depend on, La-Z-Boy's plan. For example, the alleged representations about the Patient's deductible and "Max Out of Pocket," and the payment of "UCR" rates, all directly relate to the administration and processing of claims under La-Z-Boy's health plan. Plaintiffs brought this lawsuit to recover amounts that they sought in claims submitted to Blue Cross under the La-Z-Boy plan (an ERISA plan).

### B. Plaintiffs Cannot Escape Preemption by Misrepresenting the Law

Plaintiffs not only misrepresent their own allegations; they also misstate controlling law. As this Court and the Sixth Circuit have recognized, *Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272 (6th Cir. 1991), is controlling authority. Apparently recognizing that *Cromwell* is fatal to their claims, Plaintiffs seek to side-step it by (1) misrepresenting its holding, (2) claiming that it has been undermined by *New York State Conf. of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645 (1995), and (3) relying on irrelevant out-of-circuit authority. None of Plaintiffs' arguments hold water.

***First***, Plaintiffs claim—falsely—that *Cromwell* "deals strictly with removal and a federal court's jurisdiction" and that "the question presented in *Cromwell* was not Section 514 preemption." (ECF No. 21, PageID.104, 119.) Not so.

*Cromwell* explicitly addressed three issues, the first of which was "whether the trial court correctly held that appellants' state law claims are preempted by the Employee Retirement Income Security Act." *Cromwell*, 944 F.2d at 1274. To address that first issue, the Court analyzed 29 U.S.C. § 1144(a)—*i.e.*, Section 514—and held that appellant's claims for negligent misrepresentation and promissory estoppel were preempted by ERISA and thus properly dismissed. *Id.* at 1275–76.

Plaintiffs only address *Cromwell*'s first holding in a footnote, incorrectly stating that *Cromwell* "make[s] reference to Section 514 only in its ***pre-analysis*** of the actual issues." (*See* ECF No. 21, PageID.106 n.3.) In actuality, the Court analyzed Section 514 of ERISA under the header "ANALYSIS"—within the section entitled "Preemption of Appellants' State Law Claims." *Cromwell*, 944 F.2d at 1275–76. In doing so, the Court made clear that ERISA preempts state law claims that "relate to" any ERISA plan; that courts broadly define the phrase "relate to" so that preemption applies if the state-law cause of action has "connection with or reference to that plan"; and that "virtually all state law claims relating to an employee benefit plan are preempted by ERISA." *Id.* (citations omitted).

***Second***, Plaintiffs erroneously suggest that *Cromwell* is no longer good law because it preceded the United States Supreme Court's opinion in *New York State Conf. of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645 (1995). Because *Travelers* did not overrule *Cromwell*, *Cromwell* is still controlling law. And *Travelers* addressed a different issue—whether ERISA preempted a state statute regarding surcharges—not whether a state law cause of action is preempted by Section 514 of ERISA, as is the case here and in *Cromwell*.

Moreover, after *Travelers*, the Sixth Circuit and this Court have relied on *Cromwell*'s preemption holding. For example, four years after *Travelers*, the Sixth Circuit reaffirmed *Cromwell*'s holding in *Lion's Volunteer Blind Ind., Inc. v. Automated Grp. Admin., Inc.*, 195 F.3d 803, 808 (6th Cir. 1999) (quoting *Cromwell*, 944 F.2d at 1276); *see also Smith v. Commonwealth Gen. Corp.*, 589 F. App'x 738, 744 (6th Cir. 2014) (quoting *Cromwell*, 944 F.2d at 1276). This Court also applied *Cromwell*'s preemption holding in a post-*Travelers* decision in *Peach v. Ultramar Diamond Shamrock*, 229 F. Supp. 2d 759, 769 (E.D. Mich. 2002), aff'd, 109 F. App'x 711 (6th Cir. 2004). In *Peach*, this Court applied *Cromwell* in finding that "ERISA preempts state law and state law claims that 'relate to' any employee benefit plan as that term is defined therein." *Id.*

***Third***, Plaintiffs rely on irrelevant out-of-circuit authority to argue that this Court should depart from controlling Sixth Circuit precedent. Indeed, when there is

binding Sixth Circuit precedent, "any persuasive authority from other Circuits is irrelevant." *Freeman v. Wainwright*, 959 F.3d 226, 232 (6th Cir. 2020).

If anything, Plaintiffs' out-of-circuit authority undermines Plaintiffs' own arguments that *Cromwell* is not controlling precedent. Indeed, *Plastic Surgery Center, P.A. v. Aetna Life Ins. Co.*, 967 F.3d 218, 236 (3d Cir. 2020), which Plaintiffs rely on, recognizes—contrary to Plaintiffs' arguments—that *Cromwell* is controlling authority in the Sixth Circuit and reflects that the Sixth Circuit reached the "opposite conclusion" of what Plaintiffs argue for in their Response.

## **CONCLUSION**

For the foregoing reasons, this Court should grant La-Z-Boy's Motion in its entirety and dismiss Plaintiffs' Amended Complaint with prejudice.

Dated: March 26, 2025

Respectfully submitted,

HONIGMAN LLP

*/s/ Matthew G. Mrkonic*

Matthew G. Mrkonic (P79406)
660 Woodward Avenue
2290 First National Building
Detroit, MI 48226
(313) 465-7614
mmrkonic@honigman.com

*Attorney for Defendant La-Z-Boy*

## CERTIFICATE OF SERVICE

This is to certify that on March 26, 2025, a copy of the foregoing was electronically filed with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record.

Dated: March 26, 2025

Respectfully submitted,

HONIGMAN LLP

*/s/ Matthew G. Mrkonic*

Matthew G. Mrkonic (P79406)
660 Woodward Avenue
2290 First National Building
Detroit, MI 48226
(313) 465-7614
mmrkonic@honigman.com

*Attorney for Defendant La-Z-Boy*